UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

ISSIAH YUSUF and LASANDRA YARBROUGH,

                         Plaintiffs,

                -against-

CITY OF NEW YORK; Police Officer NICHOLAS TESTANI, Shield No. 05789; Police Officer ANTHONY BYRD, Shield No. 23309; Police Officer ANDY MITCHELL, Shield No. 18491; Sergeant JONATHAN RINGEL, Shield No. 4515; Police Officer RICHARD DEMARTINO, Shield No. 12739; Police Officer KEITH DIPRESSO, Shield No. 17004; Police Officer NICHOLAS RIPA, Shield No. 25264; Lieutenant WILLIAM GLYNN; Police Officer ERIC CABRERA; Shield No. 23535; Sergeant NEIL CASEY, Shield No. 4332; JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                         Defendants.
------------------------------------------------------------------ x

**FIRST AMENDED COMPLAINT**

15 CV 5545 (ENV)(VMS)

Jury Trial Demanded

## NATURE OF THE ACTION

1.    This is an action to recover money damages arising out of the violation of plaintiffs' rights under the Constitution.

## JURISDICTION AND VENUE

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States, and Section 14-151 of the Administrative Code of the City of New York.

3.    The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343, and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5. This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

6. This Court has supplemental jurisdiction over the claims brought pursuant to the Administrative Code of the New York City, § 14-151(d)(1).

## JURY DEMAND

7. Plaintiffs demand a trial by jury in this action.

## PARTIES

8. Plaintiff Issiah Yusuf ("Mr. Yusuf") is a resident of Queens County in the City and State of New York.

9. Plaintiff Lasandra Yarbrough ("Ms. Yarbrough") is a resident of Queens County in the City and State of New York.

10. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

11. Defendant Police Officer Nicholas Testani, Shield No. 05789 ("Testani"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Testani is sued in his individual and official capacities.

12. Defendant Police Officer Anthony Byrd, Shield No. 23309 ("Byrd"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Byrd is sued in his individual and official capacities.

13. Defendant Sergeant "John" Casey, ("Casey"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Casey is sued in his individual and official capacities.

14. Defendant Police Officer "John" Cabrera, ("Cabrera"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Cabrera is sued in his individual and official capacities.

15. Defendant Police Officer "John" Mitchell, ("Mitchell"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Mitchell is sued in his individual and official capacities.

16. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiffs do not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

17. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

18. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

19. As described herein, Issiah Yusuf and his family have been subjected to an

ongoing campaign of harassment and discrimination by the NYPD and the police officers assigned to plaintiffs' housing project and neighborhood.

*The March 13, 2015 Arrest of Mr. Yusuf*

20. Mr. Yusuf, his mother Ms. Yarbrough and their family reside in a public housing project known as the Hammels Houses, in Rockaway Park, Queens.

21. At approximately 9:30 p.m. on March 13, 2015 Mr. Yusuf was lawfully inside of an apartment building, within the Hammels Houses, at 84-12 Rockaway Beach Boulevard.

22. As Mr. Yusef was entering his friend's apartment, police officers including Cabrera and Casey apprehended him and falsely arrested him on trespassing charges.

23. During the course of the unlawful arrest, the individual defendants ridiculed Mr. Yusuf about his weight, calling him "fat boy."

24. The individual defendants tightly handcuffed Mr. Yusuf and took him to the 100th Precinct.

25. At the precinct defendants, including Cabrera, falsely informed employees of the Queens County District Attorney's Office that they had observed plaintiff commit the violation of trespass.

26. At no point did defendants observe Mr. Yusuf commit any crime or offense.

27. On March 14, 2015, Mr. Yusuf was taken to Queens Central Booking where, after several more hours in custody, he was released from a side door without ever appearing before a judge.

28. Upon information and belief, the District Attorney declined to prosecute.

29. After approximately fifteen hours in custody, Mr. Yusuf was released.

*The April 17, 2015 Entry into Ms. Yarbrough's Home*

-4-

30. At approximately 6:00 a.m. inside of the apartment she shares with Mr. Yusuf and her other children at 82-02 Rockaway Beach Blvd., plaintiff Yarbrough was getting her four year old son ready for daycare.

31. Suddenly, defendants busted through Ms. Yarbrough's front door, pointed guns in her face and tightly handcuffed her.

32. Ms. Yarbrough was terrified.

33. Defendants then handcuffed Ms. Yarbrough's older children, including plaintiff's fifteen year-old-daughter.

34. When Ms. Yarbrough asked defendants if they had a search warrant, defendants said they did not and, upon information and belief, no valid search warrant had ever been issued authorizing defendants' entry or search.

35. After ransacking her home and terrifying Ms. Yarbrough and her family, defendants eventually removed plaintiff's handcuffs and left her home without an apology or even an explanation.

*The April 23, 2015 Summonsing of Mr. Yusuf*

36. At approximately 2:50 p.m., Mr. Yusuf was lawfully walking in the area of Beach 84th Street and Rockaway Beach Boulevard.

37. In furtherance of their ongoing campaign of harassment, and without probable cause or reasonable suspicion to believe he had committed any crime or offense, defendants, including upon information and belief, Testani, DeMartino, Gynn, and Byrd, stopped Mr. Yusuf and demanded to know where he was going.

38. When Mr. Yusuf replied that he was headed to a local basketball court, defendants issued him a ticket charging him with violating inapplicable City Park regulations.

39. Upon information and belief the summons was eventually dismissed.

*The April 28, 2015 Harassment of Mr. Yusuf*

40. Sometime in the afternoon of April 28, 2015, as Mr. Yusuf was near his home, defendants, including, upon information and belief, Byrd and Mitchell, stopped their unmarked vehicle alongside of plaintiff and began taunting him about his weight.

41. The conduct at issue was captured in part on video by cell phone video.

42. Mr. Yusuf felt humiliated, embarrassed and violated by defendants' conduct.

*The April 29, 2015 Summonsing of Mr. Yusuf*

43. At approximately 2:55 p.m. in front of 84-18 Rockaway Beach Boulevard, defendants, including Byrd and Mitchell, stopped Mr. Yusuf again and, for the sole purpose of harassing him, issued him a ticket for littering in connection with a cigarette butt he had flicked into the gutter.

*The July 19, 2015 Arrest of Mr. Yusuf*

44. At approximately 8:00 p.m. on July 18, 2015, non-party civilian Jose Nieves was the victim of a robbery and assault in the vicinity of Beach 86th Street in Far Rockaway, New York.

45. Upon information and belief, the investigation of that crime was handled by officers at the 100th Precinct.

46. The victim never identified Issiah Yusuf as a perpetrator of the crime.

47. Indeed, Mr. Nieves, specifically informed defendants that Mr. Yusuf was not involved and wrote a statement to that effect.

48. Nevertheless, at approximately 1:00 p.m., Mr. Yusuf was falsely arrested by defendants, including Ripa and Byrd, for the crime.

49. Mr. Yusuf was taken to the 100th Precinct where defendants falsely informed employees of the Queens County District Attorney's Office that plaintiff had committed multiple felonies including second-degree robbery and grand larceny and prepared false paperwork including an arrest report.

50. At the time of their false statements, defendants had confirmation directly from the victim that Mr. Yusuf was not involved.

51. Thus in the complete absence of probable cause and for the sole purpose of harassing, discriminating and tormenting Mr. Yusuf, defendants caused him to be booked, arraigned on felony charges, subjected to bail and sent to Rikers Island.

52. Unable to make bail, Mr. Yusuf was taken to Rikers Island where he was strip-searched and held for over twenty-four hours.

53. Mr. Yusuf had never before been to Rikers Island.

54. Plaintiff eventually made bail and was released from Rikers Island.

55. After appearing in criminal court on several occasions, all of the charges levied against Mr. Yusuf were dismissed on August 12, 2015.

56. As to the state law claims presented herein, within ninety days after the claim alleged in this Complaint arose, a written notice of claim was served upon defendants at the Comptroller's Office.

57. At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

58. This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

59. Issiah Yusuf and his mother Lasandra Yarbrough suffered damage as a result of defendants' actions. Plaintiffs were deprived of their liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to their reputations.

## FIRST CLAIM
### Unlawful Stop and Search

60. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

61. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiffs without reasonable suspicion.

62. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

63. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

64. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiffs without probable cause.

65. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## THIRD CLAIM
### State Law False Imprisonment and False Arrest
### (The March 13 & April 17, 2015 Arrests)

66. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

67. By their conduct, as described herein, the individual defendants are liable to plaintiffs for falsely imprisoning and falsely arresting plaintiffs.

68. Plaintiffs were conscious of their confinement.

69. Plaintiffs did not consent to their confinement.

70. Plaintiffs' confinement was not otherwise privileged.

71. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

72. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiffs sustained the damages alleged herein.

## FOURTH CLAIM
### Malicious Prosecution

73. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

74. By their conduct, as described herein, and acting under color of state law, defendants are liable to Issiah Yusuf under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

75. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights. The prosecution by defendants of plaintiff Yusuf constituted malicious prosecution in that there was no basis for the

plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

76. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## FIFTH CLAIM
### Unreasonable Force

77. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

78. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiffs.

79. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### State Law Assault and Battery
### (The March 13 & April 17, 2015 Arrests)

80. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

81. By their conduct, as described herein, the defendants are liable to plaintiffs for having assaulted and battered them.

82. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

83. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiffs sustained the damages alleged herein.

## SEVENTH CLAIM
### Denial Of Constitutional Right To Fair Trial

84. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

85. The individual defendants created false evidence against plaintiff Issiah Yusuf.

86. The individual defendants forwarded false evidence to prosecutors in the Queens County District Attorney's office.

87. In creating false evidence against plaintiff Yusuf, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

88. As a direct and proximate result of this unlawful conduct, plaintiff Yusuf sustained the damages hereinbefore alleged.

## EIGHTH CLAIM
### Malicious Abuse Of Process

89. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

90. The individual defendants issued legal process to place plaintiffs under arrest.

91. The individual defendants arrested plaintiffs in order to obtain collateral objectives outside the legitimate ends of the legal process, to wit, to cover up their harassment and intimidation of plaintiffs.

92. The individual defendants acted with intent to do harm to plaintiffs without excuse or justification.

93. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## NINTH CLAIM
### Negligent Hiring, Training & Retention

94. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

95. Defendant City, through the NYPD, owed a duty of care to plaintiffs to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiffs or to those in a like situation would probably result from the foregoing conduct.

96. Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

97. Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

98. Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiffs' injuries.

99. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## TENTH CLAIM
### Intentional Infliction of Emotional Distress

100. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

101. By reason of the foregoing, and by assaulting, battering and failing to prevent other defendants from doing so, or causing an unlawful seizure and extended detention without due process, the defendants, acting in their capacities as NYPD officers, and within the scope of

their employment, each committed conduct so extreme and outrageous as to constitute the intentional infliction of emotional distress upon plaintiffs.

102. The intentional infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

103. Defendants, their officers, agents, servants, and employees were responsible for the intentional infliction of emotional distress upon plaintiffs. Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

104. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## ELEVENTH CLAIM
### Negligent Infliction of Emotional Distress

105. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

106. By reason of the foregoing, and by assaulting, battering, and failing to prevent other defendants from doing so, or causing an unlawful seizure and extended detention without due process, the defendants, acting in their capacities as NYPD officers, and within the scope of their employment, each were negligent in committing conduct that inflicted emotional distress upon plaintiffs.

107. The negligent infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

108. Defendants, their officers, agents, servants, and employees were responsible for the negligent infliction of emotional distress upon plaintiffs. Defendant City, as employer of

each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

109. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## TWELFTH CLAIM
### Failure To Intervene

110. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

111. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

112. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

113. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## THIRTEENTH CLAIM
### Bias-Based Profiling

114. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

115. In initiating law enforcement action against Mr. Yusuf based on his actual and/or perceived race, disability and/or housing status rather than Mr. Yusuf's behavior or other information linking him to suspected unlawful activity the defendant officers engaged in bias-based profiling in violation of Section 14-151(c)(i) and (ii) of the Administrative Code of the City of New York.

-15-

116.   Accordingly, plaintiff is entitled to injunctive and declaratory relief, along with reasonable attorney's fees and costs.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiffs respectfully request judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) An order enjoining defendants from engaging in further bias-based profiling against plaintiff Yusuf;

(d) A declaration that plaintiff Yusuf has been subjected to discrimination through bias-based profiling by defendants;

(e) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(f) Such other and further relief as this Court deems just and proper.

Dated:    March 11, 2016
          New York, New York

RANKIN & TAYLOR, PLLC,

David B. Rankin
11 Park Place, Suite 914
New York, NY 10007
t: 212-226-4507
e: david@drmtlaw.com

*Attorneys for plaintiffs*