# BELDOCK LEVINE & HOFFMAN LLP
## 99 PARK AVENUE, PH/26TH FLOOR
## NEW YORK, N.Y. 10016-1601

CYNTHIA ROLLINGS
JONATHAN MOORE*△
KAREN L. DIPPOLD
JONATHAN K. POLLACK
HENRY A. DLUGACZ
STEPHEN J. BLUMERT◊
MARC A. CANNAN

COUNSEL
BRUCE E. TRAUNER
PETER S. MATORIN
MARJORY D. FIELDS
JOSHUA S. MOSKOVITZ
EMILY JANE GOODMAN
   (JUSTICE, NYS SUPREME COURT, RET.)
FRANK HANDELMAN

TEL: (212) 490-0400
FAX: (212) 277-5880
WEBSITE: blhny.com

MYRON BELDOCK (1929-2016)
LAWRENCE S. LEVINE (1934-2004)
ELLIOT L. HOFFMAN (1929-2016)

ALSO ADMITTED IN:
*CALIFORNIA
△ILLINOIS
◊NEW JERSEY

REF: 970000.04900

WRITER'S DIRECT DIAL:
212-277-5824

**VIA ECF ONLY**　　　　　　　　　　　　　　　　November 17, 2017

Honorable Steven L. Tiscione
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

>　　RE:　*Issiah Yusuf, et al. v. The City of New York, et al.*
>　　　　　<u>Index No.: 15-cv-5545(ENV)(ST)</u>

Your Honor:

　　My office represents plaintiffs Issiah Yusuf, and his mother Lasandra Yarbrough, and Minor plaintiffs Y.Y. and B.T. in the above-referenced action. I write to respond to defendants' letter motion requesting the Court determine whether the previously Court-Ordered grand jury minutes should still be produced to plaintiffs given "the serious safety concerns for the non-party witness."

　　On September 25, 2017, the Court properly Ordered production of the grand jury minutes to plaintiff. See Docket Entry No. 71. As was already litigated and decided by the Court, the grand jury minutes must be produced to plaintiffs' counsel in order to allow plaintiffs the ability to attack the assumption of probable cause that attaches where there is an indictment. See Boyd v. City of New York, 336 F.3d 72, 76 (2d Cir. 2003). Further, the testimony constitutes evidence for impeachment purposes. See Giroux v. City of New York, et al., No. 15 Civ. 1100 (PKC)(RML)(E.D.N.Y. December 24, 2015), citing Marshall v. Randall, 719 F.3d 113, 116-117 (2d Cir. 2013). It is well established that the grand jury minutes are relevant to plaintiffs' claim for malicious prosecution and must be unsealed and produced to plaintiff.

First, defendants' failed to meet and confer with plaintiffs' counsel as to a viable alternatives to nonproduction of the *already* Ordered grand jury minutes. The issues raised by defendants' letter are more appropriately addressed by redaction of personal identifying information and an accompanying privilege log. See Hewitt v. The City of New York, et al., 09 Civ. 00214 (CPS) (MDG) (E.D.N.Y. September 11, 2009). Alternatively, the safety concerns might be addressed by confidentiality order or even, if absolutely necessary, an attorneys-eyes-only designation for some portion of the production. See Giroux v. City of New York, et al., No. 15 Civ. 1100 (PKC)(RML)(E.D.N.Y. December 24, 2015); see also Rhooms v. City of New York, No. 13 Civ. 5006 (PKC)(RER) (E.D.N.Y. September 2, 2014).

Plaintiffs must be permitted to attack the presumption of probable cause that attaches to an indictment, and therefore respectfully request that the already Ordered grand jury minutes be produced to plaintiffs pursuant to an appropriate confidentiality designation.

Plaintiffs thank the Court for its time and consideration.

Respectfully submitted,

Gillian Cassell-Stiga