## BELDOCK LEVINE & HOFFMAN LLP

### 99 PARK AVENUE, PH/26ᵀᴴ FLOOR

### NEW YORK, N.Y. 10016-1601

CYNTHIA ROLLINGS
JONATHAN MOORE*▲
KAREN L. DIPPOLD
JONATHAN K. POLLACK
HENRY A. DLUGACZ
STEPHEN J. BLUMERT◊
MARC A. CANNAN

COUNSEL
BRUCE E. TRAUNER
PETER S. MATORIN
MARJORY D. FIELDS
JOSHUA S. MOSKOVITZ
EMILY JANE GOODMAN
  (JUSTICE, NYS SUPREME COURT, RET.)
FRANK HANDELMAN

TEL: (212) 490-0400
FAX: (212) 277-5880
WEBSITE: blhny.com

MYRON BELDOCK (1929-2016)
LAWRENCE S. LEVINE (1934-2004)
ELLIOT L. HOFFMAN (1929-2016)

ALSO ADMITTED IN:
*CALIFORNIA
▲ILLINOIS
◊NEW JERSEY

REF:    **970000.04900**

WRITER'S DIRECT DIAL:
  **212-277-5824**

**VIA ECF ONLY**                                   October 10, 2019

Honorable Steven L. Tiscione
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> **RE:**   *Issiah Yusuf, et al. v. The City of New York, et al.*
>           <u>**Index No.: 15-cv-5545(ENV)(ST)**</u>

Your Honor:

My office represents plaintiffs Issiah Yusuf, his mother Lasandra Yarbrough, and minor plaintiffs Y.Y. and B.T. in the above-referenced action. I write the Court to request the Court, order an *in camera* review of the records withheld by the Queens County District Attorney's office along with a declaration of an officer with knowledge of the documents and the specific harm the privileges asserted are designed to address. The defendants oppose this application. A motion to compel compliance with a subpoena seeking these records from the Queens County District Attorney's Office was filed by the undersigned on May 3, 2016. [DE 38].

Plaintiffs have brought claims pursuant to 42 U.S.C. § 1983, alleging the violation of their constitutional rights with regards to multiple arrests of plaintiff Issiah Yusuf and the search and seizure that occurred in plaintiffs' home.

As Your Honor knows, the defendants produced a video recording of an interview of plaintiff Issiah Yusuf by the Queens County District Attorney's office on April 14, 2019, a day after the deposition of the prosecuting district attorney's where the existence of this video was

Hon. Steven L. Tiscione
October 10, 2019
Page 2

discussed.[1] This video depicted numerous individuals from the Queens County District Attorney's office interviewing Mr. Yusuf.

At our conference on July 24, 2019, Your Honor granted plaintiff permission to depose the individuals present in the video. [DE 102]. The investigator's deposition is scheduled for tomorrow. On Wednesday October 2, 2019, the City of New York produced another 15 pages of documents from the District Attorney's Office. Along with those documents, a privilege log was produced by the Queens County District Attorney's office which indicated they were withholding 381 pages of material. Attached as Exhibit 1. The basis for their asserting privilege is confusing. They assert that there is a 'general privacy' privilege. They assert that there is a 'trial preparation' privilege, along with various State Law privileges which are of no movement to an analysis of privilege in a Federal civil rights action. Additionally, there are redactions in the produced materials which seem to be witness contact information. It is unclear under what privilege witness contact information would be privileged. It is axiomatic that "[q]uestions of privilege in federal civil rights cases are governed by federal law." *King v. Conde*, 121 F.R.D. 180, 187 (1988).

To properly evaluate the asserted privileges, the defendants must be ordered to submit the documents to Your Honor for an *in camera* inspection along with a declaration "from a responsible official within the agency who has personal knowledge of the principal matters to be attested to in the affidavit or declaration." *King*, 121 F.R.D 180, 189 (E.D.N.Y. 1988) (citation omitted); *MacWade v. Kelly*, 230 F.R.D. 379, 381-2 (S.D.N.Y. 2005), aff'd 460 F.3d 260 (2d. Cir. 2006). This declaration must show specifically what harm the redactions or privileges are attempting to address. *Schiller v. City of New York*, 252 F.R.D. 204, 207 (S.D.N.Y. 2008).

It is troubling that the individuals who are withholding these documents are not before the Court. The City of New York has stated they are representing the Queens County District Attorney's office, but they are not the ones who produced the privilege log. If they were, I would expect that they would follow the rules of this Court.

Plaintiffs thank the Court for its time and consideration and apologize to the Court for any inconvenience.

Respectfully submitted,

David B. Rankin

---

[1] The defendants state they may have produced this video earlier but cannot substantiate this claim.